UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRIS DOWLING, on behalf of himself and all others similarly situated,<br><br>                  *Plaintiff*,<br><br>   v.<br><br>STERLING METS, L.P. and DOES 1-10,<br><br>                  *Defendants*. | Case No.<br><br>**NOTICE OF REMOVAL** |

Sterling Mets, L.P. ("SMLP" or "Defendant")[1] hereby removes the above-entitled action from the Supreme Court of Queens County, New York to the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. §§ 1446, 1453, and the Class Action Fairness Act of 2005, 28 U.S.C. § 1711, *et seq.* ("CAFA"). In support thereof, Defendant states as follows:

## I. INTRODUCTION

1. On September 5, 2024, Plaintiff Chris Dowling filed this lawsuit in the Supreme Court of Queens County, New York, styled as *Chris Dowling v. Sterling Mets, L.P. and DOES 1-10*, Case No. 718313/2024 (the "State Action"). Plaintiff served the complaint in the State Action on September 9, 2024.

2. In short, Plaintiff claims SMLP sells, leases, trades, and/or shares biometric identifier information from visitors to Citi Field for value or otherwise profits from such a transaction. Compl. ¶ 3. Based on that allegation, Plaintiff asserts three claims for relief: (1) Violation of New York City Biometric Identifier Information Protection Code (N.Y.C. Admin.

---

[1] Sterling Mets, L.P. is not the proper defendant in this action. Counsel anticipates effecting a substitution of the proper party and correction of the caption, preferably though an agreed-upon amendment of the Complaint or, only if necessary, motion practice.

Code § 22-1202(b)); (2) Violation of New York General Business Law § 349; and (3) Unjust Enrichment. Plaintiff purports to bring those claims on behalf of a putative class consisting of "[a]ll consumers who visited Citi Field for a sporting event or concert from the enactment of the relevant statute on July 9, 2021 through present who had their biometric identifiers collected as a result of Defendants conduct alleged herein." *Id.* ¶ 27. Plaintiff seeks, among other things, statutory, actual, and punitive damages, equitable relief, and attorneys' fees. *Id.* ¶ 54.

3.  As shown below, the State Action is removable to this Court because all procedural requirements for removal are satisfied, and this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d).

## II. DEFENDANT HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

4.  Pursuant to 28 U.S.C. § 1446(b), the "notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." As stated above, Plaintiff served the complaint on the Defendant's registered agent in the State of New York on September 9, 2024. Thus, SMLP's Notice of Removal is timely, as it is filed within 30 days of service. *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

5.  Venue lies in the United States District Court for the Eastern District of New York because Plaintiff filed the State Action in this District. *See* 28 U.S.C. § 1441(a) (mandating venue for removal actions).

6.  Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served on SMLP are attached hereto as **Exhibit A**.

7. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on counsel for Plaintiff and a copy is being filed with the Clerk of the Supreme Court of Queens County, New York.

### III. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION UNDER CAFA.

8. The State Action is a civil action over which this Court has original jurisdiction pursuant to CAFA. Under CAFA, federal courts have original jurisdiction over a class action if: (1) it involves 100 or more putative class members; (2) any class member is a citizen of a state different from any defendant; and (3) the aggregated amount in controversy exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d). The State Action meets those requirements.

9. To remove a case under CAFA, a defendant need only "file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal'"—*i.e.*, the same liberal pleading standard required by Federal Rule of Civil Procedure 8(a), requiring only plausible allegations as to the basis for removal. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014) (quoting 28 U.S.C. § 1446(a)). Defendant easily meets that standard.

10. As set forth below, this is a putative class action in which it is alleged that: (1) there are more than 100 members in Plaintiff's proposed class; (2) at least one member of the putative class has a different state citizenship than SMLP; and (3) the claims of the proposed class members exceed the sum or value of $5,000,000 in the aggregate, exclusive of interests and costs. Accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d).

### A. The State Action Is A "Class Action" Under CAFA

11. CAFA defines a "class action" as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule or judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 26 U.S.C. § 1332(d)(1)(B).

12. Here, Plaintiff styled the complaint as a "Class Action Complaint;" he specifically alleges that he is bringing the State Action "on behalf of himself and all others similarly situated" (Compl. ¶ 5); he contends that a "class action is superior to any other available methods for the fair and efficient adjudication of this controversy" (*id.* ¶ 34); and he seeks "an Order certifying this Action as a class action and appointing Plaintiff and their Counsel to represent the Class[.]" (*id.* ¶ 54). Actions seeking class treatment in this manner are "class actions" under CAFA. *Erausquin v. Notz, Stucki Mgmt. (Bermuda) Ltd.*, 806 F. Supp. 2d 712, 724 (S.D.N.Y. 2011) ("CAFA jurisdiction attaches when a case is filed as a class action …") (quoting *In re Burlington Northern Santa Fe Ry. Co.*, 606 F.3d 379, 381 (7th Cir.2010)).

### B. The Putative Class Consists Of More Than 100 Members

13. The putative class consists of more than 100 individuals. Plaintiff claims the "members of the Class are so numerous that joinder of all of them is impracticable" and that "the Class consists of over 100,000 individuals." Compl. ¶ 29. By Plaintiff's own allegations, the requirement of 100 or more class members is met.

### C. Minimal Diversity Exists

14. Under CAFA's "minimal diversity" requirement, a "federal court may exercise jurisdiction over a class action if 'any member of a class of plaintiffs is a citizen of a State different

from any defendant.'" *Mississippi ex rel. Hood v. AU Optronics Corp.*, 571 U.S. 161, 165 (2014) (quoting 28 U.S.C. § 1332(d)(2)(A)).

15. Under CAFA, minimal diversity exists if any member of the proposed class is a citizen of a State other than New York or Delaware. 28 U.S.C. § 1332(d)(2)(A), (d)(2)(B); *Mississippi ex rel. Hood*, 571 U.S. at 165. Minimal diversity exists here.

16. Defendant avers that it is a Delaware limited partnership with its principal place of business in New York. Defendant, therefore, is a citizen of both Delaware and New York for removal purposes. *Hertz Corp. v. Friend*, 559 U.S. 77, 80–81 (2010); 28 U.S.C. § 1332(c)(1).

17. As alleged, members of the putative class are citizens of states other than Delaware and New York. As shown above, Plaintiff seeks to represent a class of "[a]ll consumers who visited Citi Field for a sporting event or concert" from July 9, 2021 onwards. Compl. ¶ 27. By Plaintiffs' own allegations, the putative class action includes "the citizens and visitors of the City of New York." Compl. ¶ 1. And Defendant avers that at least 100,000 individuals, including individuals from around the country, visited Citi Field since July 9, 2021. Because the putative class includes "visitors of the City of New York" (*id.*), at least one member of the proposed class is a citizen of a state other than Delaware or New York. Minimal diversity, therefore, exists.

### D. The Amount-in-Controversy Requirement is Satisfied

18. To establish CAFA's amount-in-controversy requirement, a defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" of $5 million. *Dart Cherokee*, 574 U.S. at 89. The State Action meets that threshold.

19. Although SMLP denies Plaintiff or any putative class member suffered any cognizable injury or is entitled to any relief, Plaintiff asserts a claim for relief under the New York City Biometric Identifier Information Protection Code (N.Y.C. Admin. Code § 22-1202(b)).

Compl. ¶¶ 36-43.  According to Plaintiff, "Defendants are liable to Plaintiff and each Class member damages of $5,000 for each intentional or reckless violation of the statute." *Id.* ¶¶ 41, 43.

20. Plaintiff alleges that "the Class consists of over 100,000 individuals." Compl. ¶ 29.  Even if the putative class consisted of 100,000 individuals, the amount in controversy exceeds CAFA's $5 million threshold.  And Defendant avers that at least 100,000 individuals visited Citi Field in New York City since July 9, 2021.  Plaintiff further seeks "actual damages, restitution, treble damages, [and] statutory damages" "[u]nder GBL 349," as well as "attorneys' fees … as allowable by law." Compl. ¶ 48, 54.  By all counts, CAFA's $5 million amount-in-controversy requirement is satisfied.

### IV. CONCLUSION

WHEREFORE, Defendant respectfully removes the State Action to this Court pursuant to 28 U.S.C. § 1441(b).

Respectfully submitted,

By: */s/ Shawn Patrick Regan*
Shawn Patrick Regan
Sarah F. Spellman
200 Park Avenue, 52nd Floor
New York, NY 10166
(212) 309-1046
sregan@huntonAK.com
sspellman@huntonAK.com

Neil K. Gilman (to be admitted *pro hac vice*)
2200 Pennsylvania Avenue, NW
Washington, D.C. 20037
(202) 955-1674
ngilman@huntonAK.com

*Attorneys for Defendant Sterling Mets, L.P.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 8, 2024, I caused to be served a true and correct copy of the foregoing upon all counsel of record, by first-class mail:

TO: Jennifer Czeisler
jen.czeisler@sterlingtonlaw.com
Edward Ciolko
ed.ciolko@sterlingtonlaw.com
Blake Hunter Yagman
blake.yagman@sterlingtonlaw.com
STERLINGTON, PLLC
One World Trade Center
New York, New York 10004
Tel.:          (212) 433-2995

Adam Pollock
Adam@PollockCohen.com
Anna Menkova
Anna@PollockCohen.com
POLLOCK COHEN LLP
111 Broadway, Suite 1804
New York, NY 10006
Tel.:          (212) 337-5361

*Counsel for Plaintiff Chris Dowling*

By: */s/ Shawn Patrick Regan*
      Shawn Patrick Regan