# Exhibit A

Case 1:24-cv-07092-VMS   Document 1-2   Filed 10/08/24   Page 2 of 43 PageID #: 11

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF QUEENS**
**(COMMERCIAL DIVISION)**

| | |
|---|---|
| CHRIS DOWLING on behalf of himself and all others similarly situated,<br><br>          *Plaintiff,*<br><br>   v.<br><br>STERLING METS, L.P. and DOES 1-10,<br><br>          *Defendants.* | Index No.:<br><br>Date Purchased: Sept. 5, 2024<br><br>**SUMMONS**<br><br>The basis of venue is CPLR § 503.<br><br>Plaintiff designates Queens County as the place of trial; the basis of venue is residency of Defendants. |

To the above-named defendants:

YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer or, if the complaint is not served with this summons, to serve a notice of appearance on the plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York).  In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the verified complaint.

Dated: September 5, 2024

                      **STERLINGTON, PLLC**

                      /s/  *Blake Yagman*
                      Blake Hunter Yagman
                      One World Trade Center
                      New York, New York 10004
                      (212) 433-2995

                      **POLLOCK COHEN LLP**

                      By:  /s/ *Adam Pollock*
                      Adam Pollock
                      111 Broadway, Suite 1804
                      New York, NY 10006
                      (212) 337-5361

                      *Counsel for Plaintiff and the*
                      *Proposed Class*

Case 1:24-cv-07092-VMS   Document 1-2   Filed 10/08/24   Page 3 of 43 PageID #: 12

To:

    STERLING METS, L.P.
    c/o C T Corporation System
    28 Liberty Street
    New York, NY 10005

Case 1:24-cv-07092-VMS Document 1-2 Filed 10/08/24 Page 4 of 43 PageID #: 13

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF QUEENS**
**(COMMERCIAL DIVISION)**

---

|  |  |
|---|---|
| CHRIS DOWLING on behalf of himself and all others similarly situated, | |
| *Plaintiff,* | Index No. _____ |
| v. | **CLASS ACTION COMPLAINT** |
| STERLING METS, L.P. and DOES 1-10, | |
| *Defendants.* | **JURY TRIAL DEMANDED** |

Plaintiff Chris Dowling ("Plaintiff"), on behalf of himself and all others similarly situated, brings the following Class Action Complaint (the "Complaint") against the above-captioned Defendants, Sterling Mets, L.P. (the "New York Mets"), and Does 1–10 (collectively, "Defendants"), and alleges as follows:

## I.    INTRODUCTION

1.    This putative class action (hereinafter, the "Action") concerns the biometric privacy of the citizens and visitors of the City of New York.

2.    Citi Field, the home of Major League Baseball's New York Mets franchise as well as numerous concerts and other events each year, is a commercial establishment located within the city limits of the City of New York that provides entertainment services as a professional sports and concert stadium. Defendants, under New York City's Local Law 2021/003 (the "New York City Biometrics Law"), collect biometric identifiers from its visitors. Biometric identifiers encompass "*any physiological or biological characteristic that is used by or on behalf of a commercial establishment, singly or in*

**CLASS ACTION COMPLAINT - 1**

*combination, to identify, or assist in identifying, and individual, including but not limited to […] a retina or iris scan, […] a fingerprint or voiceprint […] a scan of the hand or facial geometry, or any other identifying characteristic.*"[1]

3.     In violation of the New York City Biometrics Law, Defendants illegally sell, lease, trade, and/or share biometric identifier information for value or otherwise profit.

4.     Specifically, Defendants use facial recognition and collect facial templates, and previously failed to disclose the collection, retention, conversion, storage, and/or sharing of those biometric identifiers, in addition to the selling, leasing, trading, and/or sharing those biometric identifiers to the detriment of consumers. Indeed, Defendants admit to the collection of biometric data from Plaintiff and Class members; however, Defendants' unlawful use of biometric identifier information for value or profit violates the New York City Biometrics Law.

5.     Plaintiff Dowling, on behalf of himself and all others similarly situated, brings this Action under New York City Biometric Law's private right of action[2] for the negligent, reckless, or intentional violation of the statute. Thus, Plaintiff, on behalf of himself and all other similarly situated, brings this Action for statutory damages, reasonable attorneys' fees and costs, and injunctive relief to enjoin the unlawful behavior pled herein.

---

[1] **Ex. A**, 2021 N.Y.C. Local Law No. 3, N.Y.C. Admin. Code § 22-1201.

[2] *Id.* at § 22-1203.

**CLASS ACTION COMPLAINT - 2**

## II.   <u>PARTIES</u>

### *Plaintiff Chris Dowling*

6.     Plaintiff Chris Dowling is a citizen of New York. Defendants unlawfully collected Plaintiff's biometric identifier information, and thus, the Plaintiff was harmed.

7.     Plaintiff attended at least four New York Mets games at Citi Field within one year of the filing of this Action.

### *Defendant Sterling Mets, L.P.*

8.     Defendant Sterling Mets, L.P. ("Sterling") is a Delaware limited partnership with its principal place of business in Queens, New York. Defendant is associated with the New York Mets, a professional baseball team and uses facial recognition on its fans who attend games at Defendant's stadium, Citi Field.

9.     The New York Mets own Citi Field. This means that the New York Mets control the venue for both baseball games for their own team as well as concerts and other events that are held at the stadium.

### *Doe Defendants 1–10*

10.     Doe Defendants are parties that might be later unveiled in the discovery portion of this Action that are involved in the collection, retention, sale, or sharing for profit of biometric identifiers and information.

## III.   <u>JURISDICTION</u>

11.     This Court has personal jurisdiction over the New York Mets because they maintain their principal place of business in this County within the State of New York. This Court further has personal jurisdiction over Defendants because they unlawfully collected biometric identifier information from Plaintiff and Class members (and,

**CLASS ACTION COMPLAINT - 3**

Case 1:24-cv-07092-VMS   Document 1-2   Filed 10/08/24   Page 7 of 43 PageID #: 16

therefore caused harm) in this County, and the events giving rise to this Action occurred within the State of New York.

12.    Venue is proper in this Court against because Defendants maintain their principal places of business in this County.

## IV.    FACTUAL ALLEGATIONS

### A.    The Critical Significance of Biometric Information

13.    Biometric identifiers come in a variety of forms, including traditional fingerprints, as well as palm prints, iris/retinal scans, and scans of the facial geometry (facial recognition), and are unique to each person. Thus, they uniquely identify an individual and cannot be changed or deleted.

14.    Biometric security is important for numerous reasons, including creating a specific link between an individual and a data record; thwarting fraud efforts to create fake digital identities; and creating a form of identification which is not exchangeable.[3]

15.    It follows then that a person's biometric identifiers are extremely valuable and must be protected with even more than the precautions that one would normally take when protecting other forms of identification, like credit card numbers, passports, and social security cards.

16.    Biometrics can also be used by consumer businesses to identify consumers and tie a subset of data to that consumer, including their credit card number. This creates a rich reservoir of information (consumer buying history, purchasing habits, medical history for services paid with that credit card, etc.) that is readily accessible when a

---

[3] MITEK SYSTEMS, "Looking ahead: 7 reasons why biometric security is important for digital identity" (Aug. 30, 2019), https://www.miteksystems.com/blog/looking-ahead-7-reasons-why-biometric-security-is-important-for-digital-identity.

**CLASS ACTION COMPLAINT - 4**

Case 1:24-cv-07092-VMS   Document 1-2   Filed 10/08/24   Page 8 of 43 PageID #: 17

consumer's biometric identifier appears and matches the identifiers which are stored by that consumer business. This allows the consumer business to quickly identify consumers and access a trove of information – whether it be consumer information, criminal history, or other information – at a moment's notice.

17.    As explained by Bayometric, which provides fingerprint scanning:

> Verification and identification are the two ways in which an individual's identity can be determined using biometric technology. Verification confirms that a person is indeed who they claim to be and performs a one-to-one comparison of the individual's [biometric] sample with a stored reference template. Identification, on the other hand, performs a one-to-many comparison to confirm an individual's identity. The identification process compares the individual's [] sample against all the reference templates stored on file. An individual is positively identified if the individual's [] image matches any of the stored templates.[4]

18.    Consumers are left entirely helpless and vulnerable when consumer businesses take their biometric information; the situation is much like taking a person's social security or credit card number without their consent, but consumers cannot be separated from their biometric consumer information. Biometric identifiers cannot be replaced like a stolen credit card.

19.    Legislatures have correctly identified that the privacy rights tied to biometric identifiers are worthy of protection by statute. As such, state legislatures and city counsels across the country have either passed, or are considering, biometric privacy statutes to protect the privacy rights of their constituents.

---

[4] Mary Clark, BAYOMETRIC, "Importance of Biometric Fingerprinting Technology: Does Your Organization Really Need It? This Will Help You Decide!," https://www.bayometric.com/importance-of-biometric-fingerprinting-technology/.

CLASS ACTION COMPLAINT - 5

Case 1:24-cv-07092-VMS   Document 1-2   Filed 10/08/24   Page 9 of 43 PageID #: 18

**B.      New York City's Biometric Privacy Law**

20.     The New York City Council passed Local Law 3 in 2021 in an effort to help

protect the privacy rights of the citizens of the City of New York.

21.     Specifically with respect to entertainment venues, the New York City

Council stated in its committee report:

> As early as the early 2000's, facial recognition technology has been
> on the rise at entertainment venues. In January 2001, facial
> recognition technology was installed at the Raymond James
> Stadium by the Tampa Police Department to scan the faces of Super
> Bowl attendees. Since then, this technology has proliferated, and is
> now used at several entertainment venues including Madison
> Square Gardens and Barclays Center. In 2018, Live Nation and
> Ticketmaster invested in Blink Identity, a company that specializes
> in military-grade facial recognition software.
>
> The details surrounding how this technology will be used is closely
> guarded, but venues claim that the technology is needed for security
> and operational purposes in order to determine who is allowed into
> the building. For example, some of artists, like Taylor Swift, use this
> technology at concerts to track stalkers. Venues also use this
> technology to identify employees and vendors. Barclay's Center, in
> Brooklyn, has teamed up with IDEMIA, which manages the
> Transportation Security Administration's PreCheck program, to
> offer expedited entry lines. Similarly, Live Nation claims that they
> intend to use the technology to improve the customer experience by
> linking tickets to faces and offering tailored services.
>
> It is unclear how the data collected through facial recognition
> technology is managed and stored by entertainment venues. Facial
> recognition technology can often determine the age range and likely
> gender of concertgoers. Technology experts warn that this data could
> be collected and sold to third parties for marketing purposes without
> the consent of consumers. Several artists and activists have begun
> to speak out on the use of the technology. Fight For the Future, a
> nonprofit digital rights group, is campaigning to ban facial
> recognition software as a law enforcement tool, and recently
> launched a campaign against the use of the technology at concerts
> and festivals. Tom Morello, of Rage Against the Machine, Amanda
> Palmer, Downtown Boys, Anti-Flag, and others have spoken up in
> support of the campaign. Some musicians have expressed concerns
> that the technology will be used to target undocumented
> immigrants. In response, several music festivals, including the

**CLASS ACTION COMPLAINT - 6**

> Governor's Ball, in New York City), Bonnaroo in Tennessee, Punk
> Rock Bowling, in Las Vegas, Electric Forest in Michigan, and Austin
> City Limits announced that they would not be using the technology.[5]

22.     As such, the New York City Council felt that entertainment venues, such

as the one that Defendants operate, should not have complete, unfettered power to use

facial recognition and other types of biometric identifier collection in their facilities.

### C.     Defendants' Collection of Biometric Identifier Information

14.     Defendants collect biometric identifiers at Defendant Sterling's home

stadium, "Citi Field," which is located in New York City, in the borough of Queens.

15.     According to an article about Citi Field in 2018,

> security blends both personnel and technology to secure fans and
> players during the game. **Facial recognition technology is
> deployed through 11 cameras at the main fan entrance, and
> faces are checked against a blacklist. If the camera detects a
> "Do Not Admit" – someone who has been arrested onsite
> before for fighting, larceny or assault, for example, and
> banned from future Citi Field events – the security operator
> calls down to the officer at the entrance to approach the
> person, ask for his or her ID, and if they match the
> blacklisted person, the matter is handed over to the NYPD as
> a trespassing violation.**[6]

16.     Below is an image of Citi Field at the main entrance. Cameras, which may

be the ones described by Defendants that are used for facial recognition purposes, can be

seen in pairs on the columns of each pillar:

---

[5] **Ex. B**, N.Y.C. City Council, Committee Report 10719 (Oct. 7, 2019).

[6] SECURITY MAGAZINE, "Security in the Outfield" (Aug. 30, 2018),
https://www.securitymagazine.com/articles/89369-security-over-center-field.

**CLASS ACTION COMPLAINT - 7**



17.     This means that Defendants collect biometric identifiers from fans as they enter the premises.

18.     With respect to how Defendants collect biometric identifiers, Citi Field "also monitors the field's 187 surveillance cameras and 115 doors and card readers through the Genetec Command Center platform."[7] Genetec Inc. is a software company that provides various types of security software to its customers, like Defendants. According to Genetec, its technologies allow for a range of different capabilities, but all data collected by a given customer, like Citi Field, remains locally stored on that customer's systems.

19.     Additionally, on Reddit, Mets fans have detailed the use of facial recognition by Citi Field which has been weaponized against them. For example, just one year ago, Reddit user "jahpizzie" stated:

> In 2008, I was wrongfully arrested at [the Mets' stadium that predated Citi Field]. I have been to at least 60 games at Citi Field.

---

[7] *Id.*

**CLASS ACTION COMPLAINT - 8**

The day before Fathers Day [2023] I was there with my wife and kids and security walked up to me and asked [if] I was (my name). I said yes and he had to call his supervisor because I have been "banned" since 2008. When the supervisor came with 7 uniformed officers, he told me I was "officially not banned" I told him I've been to a ton of games since then and he seemed surprised then told me **that [Citi Field] started [using] facial recognition [in 2022] and that this year[, 2023,] it is in full effect.**

20.     On Reddit, another user, much to their dismay, stated:

I thought everyone was [aware of Citi Field's use of facial recognition]? If you look at the iPad screens at the [Citi Field] rotunda gates entrance, you can see it picking up faces like your phone camera does with the box and running the scan. And when the scan triggers something, they halt the line.

I realized it [in 2023] when [the Defendant] made me take off my hat to walk through the metal detector. I was confused [be]cause the detector would pick up anything I am trying to hide in my hat! After the third time, I realize[d] it was because my hat was hiding my face and blocking their scan.

I do not like it one bit.

21.     Defendants use facial recognition to financially profit. First, Defendants increase their profit margin when they choose to use facial recognition as opposed to using manual labor to adequately protect its 400,000 square foot premises. which would be tasked with the same security responsibilities. Second, Defendants also sell tickets for baseball games and concerts at a premium price because the price includes costs related to this level of security; however, had Plaintiff and Class members known that this premium price also included the surreptitious collection of their biometrics, they would have never paid premium prices (or bought a ticket to Citi Field at all).

22.     Thus, Defendants intentionally violated the aforementioned statute, which forbids sharing of biometric information for anything of value; here, the "thing of value"

**CLASS ACTION COMPLAINT - 9**

Case 1:24-cv-07092-VMS   Document 1-2   Filed 10/08/24   Page 13 of 43 PageID #: 22

is the contract between Defendants and non-party Genetec, and the profit made when Defendants save money on security and make further profit from a premium ticket price.

### D.   Defendants' Collection of Plaintiffs' Biometric Identifier Information

23.     Plaintiff attended a Mets game at Citi Field on at least four occasions within the past year.

24.     While attending the event, Defendants collected Plaintiff's biometric identifiers.

25.     At that time, Defendants did not disclose that they were collecting Plaintiff's and the Class members' biometric identifiers. Defendants unlawfully collected Plaintiff and Class members' biometric information, and compared their facial biometric data to that of other people on Defendants' "blacklist" at Citi Field. Then Defendants shared images with a third party, possibly Genetec, to process Plaintiff and Class members' facial biometric data upon entry into Citi Field. Defendants did this for profit: to save on security costs and to be able to charge a premium baked into event ticket prices with respect to security.

26.     As such, by way of the New York City Biometrics Law and the deeply personal privacy rights protected by that statute, Plaintiff and all other class members were harmed by Defendants' conduct.

## V.   CLASS ACTION ALLEGATIONS

27.     Plaintiff seeks to certify a class consisting of all persons who fall under the following definition ("Class Definition" or, the "Class"):

> **Class Definition**. All consumers who visited Citi Field for a sporting event or concert from the enactment of the relevant statute on July 9, 2021 through present who had their biometric identifiers collected as a result of Defendants' conduct alleged herein.

**CLASS ACTION COMPLAINT - 10**

28.     Excluded from the Class are Defendants' officers, directors, and employees; and their affiliates, legal representatives, attorneys, successors, heirs, and assigns. Also excluded from the Class are members of the judiciary to whom this case is assigned, their families, and members of their staff.

29.     **Numerosity.** The members of the Class are so numerous that joinder of all of them is impracticable. While the exact number of Class Members is unknown to Plaintiff at this time, based on information and belief, the Class consists of over 100,000 individuals.

30.     **Commonality.** There are questions of law and fact common to the Class, which predominate over any questions affecting only individual Class Members. These common questions of law and fact include, without limitation, whether the Class Members' biometric information was taken by Defendants in violation of New York City's Biometrics Law.

31.     **Typicality.** Plaintiff's claims are typical of those of other Class Members because Plaintiff's biometric information was taken by Defendants, like that of every other Class Member.

32.     **Adequacy of Representation.** Plaintiff will fairly and adequately represent and protect the interests of the Members of the Class. Plaintiff's Counsel are competent and experienced in litigating Class actions.

33.     **Predominance.** Defendants have engaged in a common course of conduct toward Plaintiff and Class Members, in that all of Plaintiff's and Class Members' data was taken by Defendants. The common issues arising from Defendants' conduct affecting Class Members set out above predominate over any individualized issues.

**CLASS ACTION COMPLAINT - 11**

Case 1:24-cv-07092-VMS   Document 1-2   Filed 10/08/24   Page 15 of 43 PageID #: 24

Adjudication of these common issues in a single action has important and desirable advantages of judicial economy.

34.     **Superiority.** A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation. Absent a class action, most Class Members would likely find that the cost of litigating their individual claims is prohibitively high and would therefore have no effective remedy. The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members, which would establish incompatible standards of conduct for Defendant.  In contrast, the conduct of this action as a Class action presents far fewer management difficulties, conserves judicial resources and the parties' resources, and protects the rights of each Class Member.

35.     Defendants have acted on grounds that apply generally to the Class as a whole, so that Class certification, injunctive relief, and corresponding declaratory relief are appropriate on a Class-wide basis.

## VI.     **CAUSES OF ACTION**

### COUNT I
**2021 N.Y.C. Local Law No. 3,
N.Y.C. Admin. Code § 22-1202(b)**

36.     Plaintiff restates and realleges each preceding paragraph as if fully alleged herein.

**CLASS ACTION COMPLAINT - 12**

37.     Under the New York City Biometrics Law, "[i]t shall be unlawful to sell, lease, trade, share in exchange for anything of value or otherwise profit from the transaction of biometric identifier information."

38.     Plaintiff and Class members' biometric identifiers were used to identify them, and, therefore, constitute "biometric identifier information" as defined by the New York City Biometrics Law.

39.     As described above, Defendants shared, sold, leased and/or traded biometric identifier information with third parties by collecting facial recognition scans upon entrance to Citi Field.

40.     Defendants violated and continue to violate the statute by selling, leasing, trading, sharing in exchange for anything of value, or otherwise profiting from the transaction of Plaintiff and the Class' biometric identifier information.  Specifically, Defendants have received both monetary (in the form of price premiums) and non-monetary (savings on physical security and additional safeguards which are then replaced with biometric surveillance) benefits in exchange for the biometric information that they unlawfully collect from Plaintiff and Class members.

41.     Defendants did so intentionally or recklessly.

42.     Alternatively, Defendants did so negligently.

43.     Thus, the Plaintiff and the Class were harmed and are entitled to the relief requested by this Complaint.  Under New York City Biometrics Law, Defendants are liable to Plaintiff and each Class member damages of $5,000 for each intentional or reckless violation of the statute.

**CLASS ACTION COMPLAINT - 13**

Case 1:24-cv-07092-VMS   Document 1-2   Filed 10/08/24   Page 17 of 43 PageID #: 26

## COUNT II
### New York General Business Law § 349

44.     Plaintiff restates and realleges each preceding paragraph as if fully alleged herein.

45.     Defendants are considered "businesses" under New York General Business Law § 349 ("GBL 349").

46.     Defendants' business acts and practices are unfair and deceptive under GBL 349.  New York has a strong public policy of protecting consumers' privacy interests, including their biometric privacy.  Defendants violated GBL 349 by collecting Plaintiff and Class members' biometric data without written consent and did so in order to profit, as explained herein.

47.     Defendants' acts and practices are "unfair" in that they are immoral, unethical, unfair, oppressive, unscrupulous, and/or substantially injurious to consumers. The gravity of the harm of Defendants secretly collecting and sharing Plaintiff's biometric data is significant and there is no corresponding benefit resulting from such conduct. Finally, because Plaintiff and many Class members were completely unaware of the full breadth of Defendants' conduct, including the use of their biometric identifier information for profit, they could not have avoided the harm caused by this conduct.

48.     Under GBL 349, Plaintiff seeks all available remedies, including actual damages, restitution, treble damages, statutory damages, reasonable costs and attorneys' fees, and any other relief this Court deems just and proper.

## COUNT III
### Unjust Enrichment

49.     Plaintiff restates and realleges each preceding paragraph as if fully alleged herein.

**CLASS ACTION COMPLAINT - 14**

50.     A plaintiff has a claim for unjust enrichment when the defendant was enriched at the plaintiff's expense, and it is against equity and good conscience to permit the defendant to retain what is sought to be recovered.

51.     Because Defendants failed to disclose that they collect, retain, convert, store and share biometric information, Plaintiff and other Class members who entered the stadium would not have purchased tickets to the venue (or would have paid substantially less for them) if they had known they were also paying in the form of their valuable biometric data.

52.     At bottom, the visits to Citi Field enriched Defendants at Plaintiff's expense because it allowed Defendants to save on security costs and to charge an unjustified premium for the price of tickets to the venue.  It is against equity and good conscience to permit Defendants to retain the money they received from Plaintiff and the members of the Class under these circumstances.

53.     Defendants are therefore liable to Plaintiffs and members of the Class for the profit that Defendants earned from the sales of tickets to New York Mets games and concerts at Citi Field due to Defendants' use of Plaintiff and Class members' biometric data for profit, at all times.

VII.   **REQUEST FOR RELIEF**

54.     WHEREFORE, Plaintiff seeks a judgment as follows:

A.   an Order certifying this Action as a class action and appointing Plaintiff and their Counsel to represent the Class;

B.   statutory damages awardable by the statute plead herein;

**CLASS ACTION COMPLAINT - 15**

C. equitable relief requiring Defendants to make the necessary disclosures with respect to biometric identifier information collection and retention;

D. attorneys' fees, costs, and other damages to be awarded in an amount to be determined as allowable by law;

E. reasonable expert witness fees;

F. pre- and post-judgment interest on any amounts awarded; and,

G. such other and further relief as this Court may deem just and proper.

## VIII.  **JURY TRIAL DEMANDED**

55. Plaintiff hereby demands a jury trial for all claims so triable.

DATED:          September 5, 2024          Respectfully Submitted,

/s/ *Blake Hunter Yagman*
Jennifer Czeisler
jen.czeisler@sterlingtonlaw.com
Edward Ciolko*
ed.ciolko@sterlingtonlaw.com
Blake Hunter Yagman
blake.yagman@sterlingtonlaw.com
**STERLINGTON, PLLC**
One World Trade Center
New York, New York 10004
Tel.:   212-433-2995

/s/ *Adam Pollock*
Adam Pollock
Adam@PollockCohen.com
Anna Menkova
Anna@PollockCohen.com
**POLLOCK COHEN LLP**
111 Broadway, Suite 1804
New York, NY 10006
Tel.: (212) 337-5361

*Counsel for Plaintiff and the Proposed Class*

*\*Pro Hac Vice Forthcoming*

**CLASS ACTION COMPLAINT - 16**

FILED: QUEENS COUNTY CLERK 09/05/2024 05:19 PM    INDEX NO. 718313/2024

NYSCEF DOC. NO. 2    Case 1:24-cv-07092-VMS   Document 1-2   Filed 10/08/24   Page 20 of 43 PageID #: 29    RECEIVED NYSCEF: 09/05/2024

# REQUEST FOR JUDICIAL INTERVENTION

UCS-840
(rev. 01/01/2024)

### Supreme COURT, COUNTY OF Queens

Index No: _____718313/2024_____    Date Index Issued: _____09/05/2024_____

| | For Court Use Only: |
|---|---|

**For Court Use Only:**

**IAS Entry Date**

| **CAPTION** | Enter the complete case caption. Do not use et al or et ano. If more space is needed, attach a caption rider sheet. |
|---|---|

Chris Dowling

Plaintiff(s)/Petitioner(s)

-against-

Sterling Mets, L.P., Does 1-10

Defendant(s)/Respondent(s)

**Judge Assigned**

**RJI Filed Date**

## NATURE OF ACTION OR PROCEEDING:    Check only one box and specify where indicated.

**COMMERCIAL**
- [ ] Business Entity (includes corporations, partnerships, LLCs, LLPs, etc.)
- [ ] Contract
- [ ] Insurance (where insurance company is a party, except arbitration)
- [ ] UCC (includes sales and negotiable instruments)
- [x] Other Commercial (specify):  Biometrics Violation

**NOTE:** For Commercial Division assignment requests pursuant to 22 NYCRR 202.70(d), complete and attach the **COMMERCIAL DIVISION RJI ADDENDUM (UCS-840C)**.

**TORTS**
- [ ] Asbestos
- [ ] Environmental (specify): _____
- [ ] Medical, Dental or Podiatric Malpractice
- [ ] Motor Vehicle
- [ ] Products Liability (specify): _____
- [ ] Other Negligence (specify): _____
- [ ] Other Professional Malpractice (specify): _____
- [ ] Other Tort (specify): _____

**SPECIAL PROCEEDINGS**
- [ ] Child-Parent Security Act (specify): [ ] Assisted Reproduction [ ] Surrogacy Agreement
- [ ] CPLR Article 75 - Arbitration    [see **NOTE** in **COMMERCIAL** section]
- [ ] CPLR Article 78 - Proceeding against a Body or Officer
- [ ] Election Law
- [ ] Extreme Risk Protection Order
- [ ] MHL Article 9.60 - Kendra's Law
- [ ] MHL Article 10 - Sex Offender Confinement (specify):    [ ] Initial    [ ] Review
- [ ] MHL Article 81 (Guardianship)
- [ ] Other Mental Hygiene (specify): _____
- [ ] Other Special Proceeding (specify): _____

**MATRIMONIAL**
- [ ] Contested
    **NOTE:** If there are children under the age of 18, complete and attach the **MATRIMONIAL RJI Addendum (UCS-840M)**.
    For Uncontested Matrimonial actions, use the Uncontested Divorce RJI (**UD-13**).

**REAL PROPERTY** Specify how many properties the application includes: _____
- [ ] Condemnation
- [ ] Mortgage Foreclosure (specify):   [ ] Residential    [ ] Commercial
    Property Address: _____
    **NOTE:** For Mortgage Foreclosure actions involving a one to four-family, owner-occupied residential property or owner-occupied condominium, complete and attach the **FORECLOSURE RJI ADDENDUM (UCS-840F)**.
- [ ] Partition
    **NOTE:** Complete and attach the **PARTITION RJI ADDENDUM (UCS-840P)**.
- [ ] Tax Certiorari (specify):   Section: _____ Block: _____ Lot: _____
- [ ] Tax Foreclosure
- [ ] Other Real Property (specify): _____

**OTHER MATTERS**
- [ ] Certificate of Incorporation/Dissolution    [see **NOTE** in **COMMERCIAL** section]
- [ ] Emergency Medical Treatment
- [ ] Habeas Corpus
- [ ] Local Court Appeal
- [ ] Mechanic's Lien
- [ ] Name Change/Sex Designation Change
- [ ] Pistol Permit Revocation Hearing
- [ ] Sale or Finance of Religious/Not-for-Profit Property
- [ ] Other (specify): _____

## STATUS OF ACTION OR PROCEEDING    Answer YES or NO for every question and enter additional information where indicated.

| | YES | NO | |
|---|---|---|---|
| Has a summons and complaint or summons with notice been filed? | [x] | [ ] | If yes, date filed: _____09/05/2024_____ |
| Has a summons and complaint or summons with notice been served? | [ ] | [x] | If yes, date served: _____ |
| Is this action/proceeding being filed post-judgment? | [ ] | [x] | If yes, judgment date: _____ |

## NATURE OF JUDICIAL INTERVENTION    Check one box only and enter additional information where indicated.

- [ ] Infant's Compromise
- [ ] Extreme Risk Protection Order Application
- [ ] Note of Issue/Certificate of Readiness
- [ ] Notice of Medical, Dental or Podiatric Malpractice    Date Issue Joined: _____
- [ ] Notice of Motion    Relief Requested: _____    Return Date: _____
- [ ] Notice of Petition    Relief Requested: _____    Return Date: _____
- [ ] Order to Show Cause    Relief Requested: _____    Return Date: _____
- [ ] Other Ex Parte Application    Relief Requested: _____
- [ ] Partition Settlement Conference
- [ ] Poor Person Application
- [x] Request for Preliminary Conference
- [ ] Residential Mortgage Foreclosure Settlement Conference
- [ ] Writ of Habeas Corpus
- [ ] Other (specify): _____

| RELATED CASES | List any related actions. For Matrimonial cases, list any related criminal or Family Court cases. If none, leave blank. If additional space is required, complete and attach the **RJI Addendum (UCS-840A)**. | | | |
|---|---|---|---|---|
| Case Title | Index/Case Number | Court | Judge (if assigned) | Relationship to instant case |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

| PARTIES | | For parties without an attorney, check the "Un-Rep" box and enter the party's address, phone number and email in the space provided. If additional space is required, complete and attach the **RJI Addendum (UCS-840A)**. | | | |
|---|---|---|---|---|
| **Un-Rep** | **Parties** <br> List parties in same order as listed in the caption and indicate roles (e.g., plaintiff, defendant, 3rd party plaintiff, etc.) | **Attorneys and Unrepresented Litigants** <br> For represented parties, provide attorney's name, firm name, address, phone and email. For unrepresented parties, provide party's address, phone and email. | **Issue Joined** <br> For each defendant, indicate if issue has been joined. | **Insurance Carriers** <br> For each defendant, indicate insurance carrier, if applicable. |
| ☐ | Name: Dowling, Chris <br><br> Role(s): Plaintiff/Petitioner | ANNA MENKOVA, Pollock Cohen LLP, 111 Broadway , New York, NY 10006, 2123375361, anna@pollockcohen.com | ☒ YES ☐ NO | |
| ☒ | Name: Sterling Mets, L.P. <br><br> Role(s): Defendant/Respondent | 28 Liberty Street, New York, NY 10005 | ☐ YES ☒ NO | |
| ☒ | Name: Does 1-10 <br><br> Role(s): Defendant/Respondent | | ☐ YES ☒ NO | |
| ☐ | Name: <br><br> Role(s): | | ☐ YES ☐ NO | |
| ☐ | Name: <br><br> Role(s): | | ☐ YES ☐ NO | |
| ☐ | Name: <br><br> Role(s): | | ☐ YES ☐ NO | |
| ☐ | Name: <br><br> Role(s): | | ☐ YES ☐ NO | |
| ☐ | Name: <br><br> Role(s): | | ☐ YES ☐ NO | |
| ☐ | Name: <br><br> Role(s): | | ☐ YES ☐ NO | |
| ☐ | Name: <br><br> Role(s): | | ☐ YES ☐ NO | |

**I AFFIRM UNDER THE PENALTY OF PERJURY THAT, UPON INFORMATION AND BELIEF, THERE ARE NO OTHER RELATED ACTIONS OR PROCEEDINGS, EXCEPT AS NOTED ABOVE, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION BEEN PREVIOUSLY FILED IN THIS ACTION OR PROCEEDING.**

Dated: 09/05/2024

_____          ANNA MENKOVA
                                        Signature

5587761                                 ANNA MENKOVA
Attorney Registration Number            Print Name

FILED: QUEENS COUNTY CLERK 09/05/2024 05:19 PM INDEX NO. 718313/2024
NYSCEF DOC. NO. 1 RECEIVED NYSCEF: 09/05/2024



**New York State Unified Court System** [nycourts.gov](nycourts.gov)

# Request for Judicial Intervention
# Commercial Division Addendum

**UCS-840C** (01/2024)
Page **1** of **2**
[nycourthelp.gov](nycourthelp.gov)

**Supreme Court**
**County of Queens**

**Plaintiff/Petitioner** (persons/entities that started the case):
Chris Dowling

**Index #:**
**718313/2024**

**Defendant/Respondent** (persons/entities the case is against):
Sterling Mets, L.P., Does 1-10

---

**Plaintiff/Petitioner's cause(s) of action** [check all that apply]:

☐ Breach of contract or fiduciary duty, fraud, misrepresentation, business tort (e.g., unfair competition), or statutory and/or common law violation where the breach or violation is alleged to arise out of business dealings (e.g., sales of assets or securities; corporate restructuring; partnership, shareholder, joint venture, and other business agreements; trade secrets; restrictive covenants; and employment agreements not including claims that principally involve alleged discriminatory practices)

☐ Transactions governed by the Uniform Commercial Code, excluding those concerning individual cooperative or condominium units

☐ Transactions involving commercial real property, including Yellowstone injunctions and excluding actions for the payment of rent only

☐ Shareholder derivative actions (without consideration of the monetary threshold)

☒ Commercial class actions (without consideration of the monetary threshold)

☐ Business transactions involving or arising out of dealings with commercial banks and other financial institutions

☐ Internal affairs of business organizations

☐ Malpractice by accountants or actuaries, and legal malpractice arising out of representation in commercial matters

☐ Environmental insurance coverage

☐ Commercial insurance coverage (e.g., directors and officers, errors and omissions, and business interruption coverage)

☐ Dissolution of corporations, partnerships, limited liability companies, limited liability partnerships and joint ventures (without consideration of the monetary threshold)

☐ Applications to stay or compel arbitration and affirm or disaffirm arbitration awards and related injunctive relief pursuant to CPLR Article 75 involving any of the foregoing enumerated commercial issues (where the applicable agreement provides for the arbitration to be heard outside the United States, the monetary threshold set forth in 22 NYCRR 202.70(a) shall not apply)

---



**ADA Accommodations**
[ada@nycourts.gov](ada@nycourts.gov)

**Spoken or Sign Language Interpreters**
[interpreter@nycourts.gov](interpreter@nycourts.gov)

**COURT Help**

**1-800-COURT-NY**
**(268-7869)**

Case 1:24-cv-07092-VMS Document 1-2 Filed 10/08/24 Page 23 of 43 PageID #: 32

**UCS-840C** (01/2024)          Page **2** of **2**          **Index #: 718313/2024**

Plaintiff/Petitioner's claim for compensatory damages, exluding punitive damages, interest, costs and counsel fees claimed:  $null

Plaintiff/Petitioner's claim for equitable or declaratory relief [brief description]:

Defendant/Respondent's counterclaims, including claims for monetary relief [brief description]:

I request that this case is assigned to the Commercial Division. I certify that the case meets the Commercial Division's jurisdictional requirements as set forth in 22 NYCRR 202.70(a), (b) and (c).

Dated:  09/05/2024                    <u>ANNA MENKOVA</u>
                                              Signature

                                       <u>ANNA MENKOVA</u>
                                              Print Name

Case 1:24-cv-07092-VMS   Document 1-2   Filed 10/08/24   Page 24 of 43 PageID #: 33

SUPREME COURT OF THE STATE OF NEW
YORK COUNTY OF QUEENS

718313/2024

Pollock Cohen LLP

(BKS/CFH) Date Filed:

111 Broadway, Suite 1804,  New York, NY 10006

Court Date:

---

CHRIS DOWLING on behalf of himself and all others similarly situated,

Plaintiff

vs.

STERLING METS, L.P., DOES 1-10

Defendant

---

### AFFIRMATION OF SERVICE

Luis Arriaga, affirms and says that, the Deponent is not a party herein, is over the age of 18 years and resides in the state of New York.That on September 9, 2024, at 12:58 pm at 28 Liberty Street, New York, NY 10005, Deponent served the within Summons + Complaint, Notice of Commencement , with the index number and filing date of the action were endorsed upon the face of the papers so served herein. On: Sterling Mets, L.P. (hereinafter referred to as "subject") by leaving the following documents with Ingrid Lopez who as Managing Agent at CT Corporation System is authorized by appointment or by law to receive service of process for Sterling Mets, L.P.

Hispanic or Latino Female, est. age 45-54, glasses: N, Black hair, 160 lbs to 180 lbs, 5' 6" to 5' 9".
Geolocation of Serve: https://google.com/maps?q=40.707930849,-74.0091554801
Photograph: See Exhibit 1

Total Cost: $95.00

I affirm this 11th day of September, 2024, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

☐ I asked the person spoken to, on whether the subject was in active military service or financially dependent upon any one who is in the military service of the United States or the State of New York in any capacity whatsoever and received a negative reply. The source of my information and belief are the conversations above narrated. Upon that information and belief I assert that the recipient is not in the military service of New York State or of the United States as that term is defined either in the State or Federal statutes.

Case 1:24-cv-07092-VMS   Document 1-2   Filed 10/08/24   Page 25 of 43 PageID #: 34

Executed in

___Kings County_____,

___NY___ on ___9/11/2024_____.

/s/ *Luis Arriaga*
_____
Signature
Server Name: Luis Arriaga
License#: 2104295-DCA

PROOF TECHNOLOGY NEW YORK , LLC 1800 Gaylord Avenue, Denver, CO 80206 License # 12103684-DCA

Case 1:24-cv-07092-VMS Document 1-2 Filed 10/08/24 Page 26 of 43 PageID #: 35



Case 1:24-cv-07092-VMS   Document 1-2   Filed 10/08/24   Page 27 of 43 PageID #: 36

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS – COMMERCIAL DIVISION

| | |
|---|---|
| CHRIS DOWLING on behalf of himself and all others similarly situated, | Index No.: 718313/2024 |
| | **NOTICE OF MOTION** |
| *Plaintiff*, | |
| v. | |
| STERLING METS, L.P. and DOES 1-10, | |
| *Defendants.* | |

PLEASE TAKE NOTICE that, upon the Affirmation of Adam Pollock, dated September 12, 2024, and the Affidavit of Edward W. Ciolko, with an exhibit thereto, a motion will be made, pursuant to Section 520.11(a)(1) of the Rules of the Court of Appeal and Section 1250.4(e) of the Rules of Appellate Division, Second Department (22 NYCRR 1250.4[e]), before the Motion Submission Part at 88-11 Sutphin Boulevard, Room 140, Jamaica, New York 11435, on September 24, 2024, at 9:00 A.M. or as soon thereafter as counsel can be heard, for an Order admitting Edward W. Ciolko to temporary practice (admission *pro hac vice*) before this Court, for all purposes in conjunction with the above-captioned action, and for such other and further relief as the Court deems just and proper.

PLEASE TAKE FURTHER NOTICE that, pursuant to CPLR 2214(b), answering papers, if any, shall be served at least two days before the date on which this motion is noticed to be heard.

Dated: September 12, 2024
　　　New York, New York

Respectfully Submitted,

POLLOCK COHEN LLP

By:   */s/ Adam Pollock*
      Adam Pollock
111 Broadway, Suite 1804
New York, NY 10006
(212) 337-5361
Adam@PollockCohen.com
*Attorneys for Plaintiff*

Case 1:24-cv-07092-VMS Document 1-2 Filed 10/08/24 Page 29 of 43 PageID #: 38

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS – COMMERCIAL DIVISION

---

CHRIS DOWLING on behalf of himself
and all others similarly situated,

                    *Plaintiff*,

    v.

STERLING METS, L.P. and DOES 1-10,

                    *Defendants*.

Index No.: 718313/2024

---

## AFFIRMATION OF ADAM POLLOCK IN SUPPORT OF MOTION FOR ADMISSION OF EDWARD W. CIOLKO *PRO HAC VICE*

Adam Pollock, an attorney duly admitted to practice in the Courts of the State of New York, hereby submits this affirmation in support of the motion for an order admitting Edward W. Ciolko *pro hac vice* for the duration of this action, and further affirms under penalty of perjury that:

1.    I am a partner at the law firm of Pollock Cohen LLP, counsel for Plaintiff. I have appeared in this matter on behalf of Plaintiff. I make this Affirmation in support of Plaintiff's motion for an Order for admission of Edward W. Ciolko *pro hac vice* for the duration of this action pursuant to Section 520.11(a)(1) of the Rules of the Court of Appeal and Section 1250.4(e) of the Rules of Appellate Division, Second Department (22 NYCRR 1250.4[e]).

2.    Edward W. Ciolko is a partner, co-head of complex litigation practice, at Sterlington, PLLC, One World Trade Center, 85th Floor, New York, New York, 10004. He is admitted to practice, in good standing, in the District of Columbia and various federal courts. I am informed that since his admission to this bar, Mr. Ciolko has not been reprimanded or disciplined by any court.

3.      I understand that Mr. Ciolko has reviewed the Court's *pro hac vice* requirements and is familiar with the standards of professional conduct imposed upon members of the New York bar. Mr. Ciolko is also aware that he is subject to the jurisdiction of the courts in this State with respect to any acts occurring during the course of their representation in this matter.

4.      No previous application has been made in the above-captioned action for the relief requested.

5.      I affirm this 12th day of September, 2024, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

WHEREFORE, it is respectfully requested that the Court admit Edward W. Ciolko *pro hac vice* to represent Plaintiff before this Court for the duration of this action.

Dated: September 12, 2024
        New York, NY

By: *Adam Pollock*
      Adam Pollock

Case 1:24-cv-07092-VMS   Document 1-2   Filed 10/08/24   Page 31 of 43 PageID #: 40

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS – COMMERCIAL DIVISION

CHRIS DOWLING on behalf of himself
and all others similarly situated,                    Index No.: 718313/2024

                                *Plaintiff*,

      v.

STERLING METS, L.P. and DOES 1-10,

                                *Defendants.*

## AFFIRMATION OF EDWARD. W. CIOLKO IN SUPPORT OF MOTION FOR ADMISSION *PRO HAC VICE*

EDWARD W. CIOLKO, being duly sworn, deposes and says:

1.      I make this affirmation in support of Plaintiff's motion for my admission *pro hac vice* for the duration of this action pursuant to Section 520.11(a)(1) of the Rules of the Court of Appeal and Section 1250.4(e) of the Rules of Appellate Division, Second Department (22 NYCRR 1250.4[e]).

2.      I am a partner of the law offices of Sterlington PLLC, One World Trade Center, 85th Floor, New York, New York, 10004. I am admitted to practice, in good standing, in the state of District of Columbia and the following federal courts: U.S.D.C., District of New Jersey, U.S.D.C., District of Colorado, U.S.D.C., Eastern District of Michigan, U.S.D.C., Northern District of Illinois, U.S.D.C., Central District of Illinois, U.S.D.C., Southern District of Illinois, U.S.D.C., Eastern District of Wisconsin, U.S. Court of Appeals, 1st Circuit, U.S. Court of Appeals, 2nd Circuit, U.S. Court of Appeals, 3rd Circuit, U.S. Court of Appeals, 4th Circuit, U.S. Court of Appeals, 5th Circuit, U.S. Court of Appeals, 6th Circuit, U.S. Court of Appeals, 8th Circuit, U.S. Court of Appeals, 9th Circuit, U.S. Court of Appeals, 10th Circuit, U.S. Court of Appeals, 11th Circuit.

3.    Since my admission to these bars, I have never been reprimanded, nor have I had a grievance, complaint, or order of discipline of any kind filed against me in any state or jurisdiction.

4.    Attached as **Exhibit A** is my certificate of good standing from the State of District of Columbia.

5.    I have reviewed the Court's *pro hac vice* requirements and I am familiar with the standards of professional conduct imposed upon members of the New York bar. I am also aware that I am subject to the jurisdiction of the courts in this State with respect to any acts occurring during the course of my representation in this matter.

6.    No previous application has been made in the above-captioned action for the relief requested.

7.    I affirm this 12th day of September, 2024, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

WHEREFORE, it is respectfully requested that the Court admit me *pro hac vice* to represent Plaintiff before this Court for the duration of this action.

By: _____
       Edward W. Ciolko

# Exhibit A



*On behalf of JULIO A. CASTILLO, Clerk of the District of Columbia Court of Appeals,*
*the District of Columbia Bar does hereby certify that*

# Edward W Ciolko

*was duly qualified and admitted on December 8, 2008 as an attorney and counselor entitled to*
*practice before this Court; and is, on the date indicated below, an Active member in good*
*standing of this Bar.*

**In Testimony Whereof,**
**I have hereunto subscribed my**
**name and affixed the seal of this**
**Court at the City of**
**Washington, D.C., on June 04, 2024.**

*JULIO A. CASTILLO*
*Clerk of the Court*

*Issued By:*

*David Chu - Director, Membership*
*District of Columbia Bar Membership*

*For questions or concerns, please contact the D.C. Bar Membership Office at 202-626-3475 or email*
*memberservices@dcbar.org.*

At IAS Part __ of the Supreme
Court of the State of New York,
held in and for the County of
QUEENS at the Courthouse at
88-11 Sutphin Boulevard
Jamaica, New York, on the ___
day of _____, 2024.

PRESENT: _____
            Justice of the Supreme Court

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS – COMMERCIAL DIVISION

| | |
|---|---|
| CHRIS DOWLING on behalf of himself and all others similarly situated,<br><br>                    *Plaintiff*,<br><br><br>     v.<br><br>STERLING METS, L.P. and DOES 1-10,<br><br>                    *Defendants*. | Index No.: 718313/2024<br><br>**[Proposed]**<br>**ORDER ADMITTING**<br>**EDWARD W. CIOLKO *PRO HAC VICE*** |

This matter having been brought before the Court by motion, pursuant to
Section 520.11(a)(1) of the Rules of the Court of Appeal and Section 1250.4(e) of the
Rules of Appellate Division, Second Department (22 NYCRR 1250.4[e]), for an order
admitting Edward W. Ciolko *pro hac vice*, on notice to all parties, and the Court having
reviewed and considered the papers filed in support of this motion including the
Affirmation of Adam Pollock, dated September 12, 2024, it is hereby

ORDERED that Edward W. Ciolko is admitted *pro hac vice* in connection with this
action, and that he shall abide by the rules of the Court in all respects and is subject to
the disciplinary jurisdiction of the Court in all respects and is subject to the disciplinary

jurisdiction of this Court in accordance with Part 130 of the Rules of the Chief Administrator and the inherent authority of this Court.

**IT IS SO ORDERED.**

ENTER:

_____

J.S.C.

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF QUEENS**
**(COMMERCIAL DIVISION)**

| | |
|---|---|
| CHRIS DOWLING on behalf of himself and all others similarly situated, | Index No. 718313/2024 |
| | **NOTICE OF APPEARANCE** |
| Plaintiffs, | |
| v. | |
| STERLING METS, L.P. and DOES 1-10, | |
| Defendants. | |

      **PLEASE TAKE NOTICE** that Blake Hunter Yagman hereby enters his appearance in the above captioned matter as counsel for Plaintiff Chris Dowling on behalf of himself and all others similarly situated ("Class members").

Date: September 23, 2024

By: */s/Blake Hunter Yagman*

        Blake Hunter Yagman
        **Sterlington, PLLC**
        One World Trade Center
        85th Floor
        New York, NY 10007
        Phone: (305) 450-8665
        blake.yagman@sterlingtonlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been electronically filed with the

Court and service of same has been transmitted via the Court's efiling portal this 23rd day of

September 2024.

*/s/Blake Hunter Yagman*

1

Short Form Order

NEW YORK SUPREME COURT – QUEENS COUNTY

Present:  HONORABLE JOSEPH RISI          IA PART  3
                A. J. S. C.

-----------------------------------------------------------X
CHRIS DOWLING on behalf of himself and all          Index Number:  718313/2024
others similarly situated,

                                                    Motion Date:  September 24, 2024
                        Plaintiff,
          -against-                                 Motion Sequence  #1

STERLING METS, L.P. and DOES 1-10,                  **DECISION/ ORDER**

                        Defendant.
-----------------------------------------------------------X
The following EF numbered papers read on this motion by plaintiffs for admission *pro hac vice* of
attorney Edward W. Ciolko, Esq. pursuant to 22 NYCRR §520.11(a)(1).

                                                    Papers
                                                    Numbered
          Notice of Motion, Affirmation, Affidavit and Service......... EF 5-8

          Upon the foregoing papers, it is ordered that this unopposed motion is determined as
follows:

          Plaintiffs move to have Edward W. Ciolko, Esq. an attorney in good standing of the bar of
the District of Columbia, admitted *pro hac vice* pursuant to 22 NYCRR §520.11(a)(1).  Mr. Ciolko
has demonstrated compliance with 22 NYCRR §520.11(a)(1), (c) and (e) and no opposition has
been filed to this application.

          Accordingly, the motion is granted.

          This is the decision and order of the Court.

Date: September 26, 2024                    _____
                                            Hon. Joseph Risi, A.J.S.C.



1

Case 1:24-cv-07092-VMS   Document 1-2   Filed 10/08/24   Page 40 of 43 PageID #: 49

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

| | |
|---|---|
| CHRIS DOWLING, on behalf of himself and all others similarly situated, | |
| *Plaintiff,* | Index No. 718313/2024 |
| v. | Hon. Joseph J. Risi |
| STERLING METS, L.P. and DOES 1-10, | **STIPULATION EXTENDING DEFENDANT'S TIME TO ANSWER, MOVE OR OTHERWISE RESPOND TO COMPLAINT** |
| *Defendants.* | |

WHEREAS, Sterling Mets, L.P. has represented to Plaintiff's counsel that the proper defendant in this action is Queens Ballpark Company, L.L.C., rather than Sterling Mets, L.P.;

IT IS HEREBY STIPULATED, that the deadline for Sterling Mets, L.P. to answer, move, or otherwise respond to the complaint is hereby extended *sine die*; and

IT IS FURTHER STIPULATED that, by October 8, 2024, Plaintiff will either (i) file an Amended Complaint naming the proper defendant or (ii) advise counsel for the Defendant in writing, which may include email, that it does not intend to file an Amended Complaint.

Dated:  September 30, 2024

     /s/ Edward Ciolko                         /s/  Shawn Patrick Regan
Jennifer Czeisler                        Shawn Patrick Regan
Jill L. Forster                          Sarah F. Spellman
jen.czeisler@sterlingtonlaw.com          HUNTON ANDREWS KURTH LLP
Edward Ciolko                            200 Park Avenue, 52nd Floor
ed.ciolko@sterlingtonlaw.com             New York, NY 10166
Blake Hunter Yagman                      (212) 309-1046
blake.yagman@sterlingtonlaw.com          sregan@huntonAK.com
STERLINGTON, PLLC                        sspellman@huntonAK.com
One World Trade Center
New York, New York 10004                 *Attorneys for Defendant Sterling Mets, L.P.*
Tel.: (212) 433-2995

Adam Pollock

Case 1:24-cv-07092-VMS   Document 1-2   Filed 10/08/24   Page 41 of 43 PageID #: 50

Adam@PollockCohen.com
Anna Menkova
Anna@PollockCohen.com
POLLOCK COHEN LLP
111 Broadway, Suite 1804
New York, NY 10006
Tel.: (212) 337-5361

*Attorneys for Plaintiff Chris Dowling*

Case 1:24-cv-07092-VMS   Document 1-2   Filed 10/08/24   Page 42 of 43 PageID #: 51

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

CHRIS DOWLING, on behalf of himself and
all others similarly situated,

                      *Plaintiff,*

             v.

STERLING METS, L.P. and DOES 1-10,

                 *Defendants.*

COMMERCIAL DIVISION
Index No. 718313/2024

Hon. Joseph J. Risi

**STIPULATION TO ADJOURN
OCTOBER 7th CONFERENCE**

WHEREAS, a preliminary conference on this matter was scheduled for October 7, 2024;

WHEREAS, Plaintiff filed the Complaint in this action on September 5, 2024;

WHEREAS, the parties entered a stipulation on September 30, 2024, extending *sine die*
Defendant's time to answer, move or otherwise respond to the Complaint pending Plaintiff's filing
of an amended complaint;

IT IS HEREBY STIPULATED, that the preliminary conference schedule for October 7,
2024, be adjourned; and

IT IS FURTHER STIPULATED, that the preliminary conference be rescheduled for
November 18, 2024, or another date as set by the Court.

Dated:  October 2, 2024

*/s/   Jennifer Czeisler*
Jennifer Czeisler
jen.czeisler@sterlingtonlaw.com
Edward Ciolko
ed.ciolko@sterlingtonlaw.com
Blake Hunter Yagman
blake.yagman@sterlingtonlaw.com
STERLINGTON, PLLC
One World Trade Center
New York, New York 10004
Tel.: (212) 433-2995

*/s/  Shawn Patrick Regan*
Shawn Patrick Regan
Sarah F. Spellman
HUNTON ANDREWS KURTH LLP
200 Park Avenue, 52nd Floor
New York, NY 10166
(212) 309-1046
sregan@huntonAK.com
sspellman@huntonAK.com

*Attorneys for Defendant Sterling Mets, L.P.*

Adam Pollock
Adam@PollockCohen.com
Anna Menkova
Anna@PollockCohen.com
POLLOCK COHEN LLP
111 Broadway, Suite 1804
New York, NY 10006
Tel.: (212) 337-5361

*Attorneys for Plaintiff Chris Dowling*